# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2012

No. 11-60843
Summary Calendar

Lyle W. Cayce
Clerk

HERON  CABELLO-HINOJOS;  HEIDY  CABELLO-HINOJOS;  EDUARDO
ORNELAS-BORREGO,

Petitioners

v.

ERIC H. HOLDER, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 940 489
BIA No. A097 903 747
BIA No. A098 652 722

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Heron  Cabello-Hinojos,  Heidy  Cabello-Hinojos,  and  Eduardo  Ornelas-
Borrego (petitioners) have filed a petition for review of the Board of Immigration
Appeals's (BIA) order denying their motion to reconsider the BIA's denial of their
motion for recission of decision and reissuance of the decision to allow them to
file a timely petition for review to this court.  The petitioners argue that they did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not understand that they had to file a petition within 30 days of the BIA's order dismissing their appeal. They assert that they were denied a fair removal hearing before the immigration judge and, thus, were denied their right to due process; they therefore contend that the BIA abused its discretion in denying their request for reconsideration of their request to rescind its prior ruling and reenter its decision to allow them to file a timely petition for review.

This court reviews the denial of a motion to reconsider under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005). The motion must identify some error of fact or law in the prior BIA decision. 8 C.F.R. § 1003.2(b)(1), (b)(2). The petitioners have not shown any error of law or fact on the BIA's part in denying their motion for reconsideration. They have not denied receiving notice of the dismissal of their appeal and have not asserted a claim of ineffective assistance of counsel. The petitioners have not shown that the BIA's decision not to provide them with another opportunity to file a timely petition for review is arbitrary or capricious. Thus, they have not demonstrated an abuse of discretion on the part of the BIA. *See Zhao*, 404 F.3d at 303-04. The petition for review is DENIED.